IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL ANTHONY BARR,

    Plaintiff,

v.                                      1:12-cv-2006-WSD-LTW

GWINNETT COUNTY et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Non-Final Report and Recommendation ("Second R&R") [12-1], following her review of Plaintiff's Second Amended Complaint [11] pursuant to 28 U.S.C. § 1915A.

## I. BACKGROUND

On June 8, 2012, Plaintiff Michael Anthony Barr ("Plaintiff"), an inmate at the Gwinnett County Jail appearing *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  On July 13, 2012, Plaintiff filed his First Amended Complaint [5] asserting civil rights claims against Gwinnett County; the Honorable Judge Tom Davis, in his individual and official capacity ("Judge Davis"); Gwinnett Police Officer Corradino # 1410, in his individual and official capacity ("Officer Corradino"); Gwinnett Police Official (John Doe), in his individual and official

capacity ("Unknown Officer"); and Gwinnett Judicial Official Daniel Porter, in his individual and official capacity ("Prosecutor Porter").  The First Amended Complaint asserted claims of unlawful arrest and searches by Officer Corradino and the Unknown Officer (collectively, the "Officers"), excessive force by the Officers, deliberate indifference to medical needs by unnamed Jail officials, unlawful denial of bail by Judge Davis, failure to correct constitutional violations by Judge Davis and Prosecutor Porter, and violation of Plaintiff's right to access the court or communicate with his lawyer by mail by unnamed Jail officials.

On August 23, 2012, Judge Walker issued her first Non-Final Report and Recommendation [7] ("First R&R"), after reviewing the First Amended Complaint for frivolity under 28 U.S.C. § 1915A.  Judge Walker recommended that Plaintiff's claims against Gwinnett County and the Officers, in their official capacities, be dismissed because Plaintiff failed to allege a policy or custom that resulted in constitutional injury.  Judge Walker recommended that all claims against Judge Davis and Prosecutor Porter be dismissed based on absolute immunity.  Judge Walker recommended that Plaintiff's claims for denial of medical care and claims relating to mail be dismissed because the allegations did not support the claims.  Finally, Judge Walker recommended that Plaintiff's claims against Officer

Corradino and the Unknown Officer, in their individual capacities, be allowed to proceed.

On September 7, 2012, Plaintiff filed a response [9] to the First R&R, asking the Court to accept the response "as correction to amended complaint as well as objection to the following specific objection." Couched as "objections" to the First R&R, Plaintiff offered substantial additional factual allegations regarding his medical treatment at the Jail and stated that it his "understanding" that Gwinnett County has a specific policy calling for unconstitutional vehicle stops. Plaintiff also requested leave to assert claims against Pam Cain, of the Gwinnett County Police Department, for tampering with evidence in his case.

On October 11, 2012, the Court issued its Order [13] on the First R&R. Finding that Plaintiff did not file objections to any particular conclusions in the First R&R, the Court adopted the First R&R and dismissed all of Plaintiff's claims except those asserted against the Officers in their individual capacities. The Court construed Plaintiff's response to the First R&R as a motion to file an amended complaint. The Court granted Plaintiff leave to re-plead his medical indifference claim and claims against Gwinnett County and to add claims against Ms. Cain.

On November 9, Plaintiff filed his Second Amended Complaint in which he (i) re-pleads his medical indifference claim, based on the additional allegations

made in the response to the First R&R, (ii) re-pleads the claims against Gwinnett County, based on his allegations of various unconstitutional policies of the County, and (iii) adds claims against Ms. Cain based on alleged evidence tampering.

On December 6, 2012, after reviewing the Second Amended Complaint under 28 U.S.C. § 1915A, Judge Walker issued her Second R&R [12-1].  Judge Walker first considered Plaintiff's allegations of unconstitutional policies instituted in Gwinnett County.  Plaintiff alleges that Gwinnett prosecutors are obtaining "special presentments" from grand juries and "framing" the special presentments as indictments.  Judge Walker found that the special presentment procedure is valid under sections 17-7-50 and 17-7-51 of the Georgia Code and that it does not support a federal claim under § 1983.  Plaintiff alleges that Gwinnett County has a "protocol . . . to profile and stop vehicles between late night, early morning hours to check for D.U.I.'s."  Judge Walker found that this allegation is not sufficient to show a constitutional violation because many "profiles" are lawful and justify a stop.  Finally, Plaintiff alleges that Jail policy provides that "only postcards can be sent" and that inmates may not watch news programs or receive newspapers.  Judge Walker found that Plaintiff's "postcard" allegation is belied by the fact that he has regularly sent non-postcard mail in connection with this litigation.  Judge Walker further found that Plaintiff's bare allegation regarding news access is not

sufficient to show a constitutional deprivation because prisoners do not have a constitutional right to watch television and Plaintiff does not allege that he has been deprived of all sources of news.  Judge Walker recommends that Plaintiff's claims against Gwinnett County be dismissed.

Judge Walker next reviewed Plaintiff's claims of indifference to serious medical needs.  Plaintiff asserts two incidents of medical indifference: (i) Plaintiff's treatment for injuries when he initially arrived at the Jail, and (ii) Jail officials' subsequent refusal to give Plaintiff his prescription pain medication and denials of his requests to see a doctor.  Judge Walker found that the first incident is not sufficient to state a constitutional claim because Plaintiff's allegations show that he received treatment and that his claim is based solely on his disagreement with the course of that treatment.  Judge Walker found that the second incident does state a claim because Plaintiff's allegations support a plausible finding that, although Jail officials knew of Plaintiff's injuries and that he had been prescribed pain medication, they unreasonably denied Plaintiff his treatment.  Judge Walker noted that, although Plaintiff did not identify the specific Jail officials, he likely will be able to as this case proceeds.  Judge Walker recommends that the medical indifference claim based on the second incident be allowed to proceed.

Judge Walker finally reviewed Plaintiff's claims against Pam Cain. Plaintiff alleges that there was a discrepancy between the weight of the drugs found in his car as recorded when Plaintiff was first brought to the Jail and as recorded in a report later issued by the Georgia Bureau of Investigations. Plaintiff suggests that the drug evidence was tampered with before being sent to the Georgia Bureau of Investigations. Plaintiff does not allege any particular actions or omissions by Ms. Cain, only that she was in charge of the evidence collected by the police. Judge Walker found that this allegation is not sufficient to support a claim against Ms. Cain, and she recommends that Ms. Cain be dismissed as a defendant.

Plaintiff did not file objections, or otherwise respond, to the Second R&R.

## II.  DISCUSSION

### A.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation,

a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    Analysis

In this case, because Plaintiff did not object to the Second R&R, the Court reviews the Second R&R for plain error.  Finding none, the Court adopts Judge Walker's Second R&R.  Plaintiff's claims against Gwinnett County and Pam Cain are required to be dismissed for failure to state claims for relief.  Plaintiff's claims regarding his initial medical treatment at the Jail also are required to be dismissed for failure to allege claims for relief.  Plaintiff's claims regarding Jail officials' refusal to give Plaintiff his prescription medication, and refusal to allow Plaintiff to see a doctor, may proceed.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Non-Final Report and Recommendation [12-1] is **ADOPTED**.  In addition to the claims discussed in the Court's October 11, 2012, Order [13], Plaintiff's medical indifference claims, based on Jail officials' refusal to give Plaintiff his prescription medication, and refusal to allow Plaintiff to see a doctor, are **ALLOWED TO PROCEED**.  Plaintiff's remaining medical indifference claims are **DISMISSED**,

and Defendants Gwinnett County and Pam Cain are **DISMISSED** pursuant to 28 U.S.C. § 1915A.

    **SO ORDERED** this 28th day of March, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE