IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY BARR, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| GWINNETT POLICE OFFICER | :: | CIVIL ACTION NO. |
| CORRADINO et al., | :: | 1:12-CV-2006-WSD-LTW |
| Defendants. | :: | |

## NON-FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the Effington County Prison in Springfield, Georgia. Plaintiff, pro se, seeks damages in this action under 42 U.S.C. § 1983. The Court screened Plaintiff's amended and second amended complaints and allowed some of Plaintiff's claims to proceed. (Docs. 7, 10, 12, 14.) Specifically, the Court allowed Plaintiff's claims of unlawful arrest, unlawful search, and excessive use of force to proceed against Defendants Corradino and John Doe and allowed his claim of deliberate indifference to serious medical needs to proceed against unidentified officials at the Gwinnett County Jail. (*Id.*)

Defendant Corradino, a police officer who does not work at the Gwinnett County Jail, filed a motion to dismiss. (Doc. 21.) In response, Plaintiff filed a motion for judgment. (Doc. 24.)

Defendant Corradino moves to dismiss on the basis that Plaintiff named Corradino as a defendant to the deliberate indifference claims pled in the second amended complaint and Corradino is not a proper defendant to those claims. (Doc. 21-1.) The Court did not construe Plaintiff's second amended complaint as asserting a deliberate indifference claim against Corradino and did not allow such a claim to proceed against Corradino. After screening Plaintiff's first amended complaint, the Court allowed only the following claims to proceed against Corradino: unlawful arrest, unlawful search, and excessive use of force. (Docs. 7, 10.) The Court later allowed some of the deliberate indifference claims asserted in the second amended complaint to proceed, but not against Corradino. (Docs. 12, 14.) The Court allowed those deliberate indifference claims against other Defendants "[i]n addition to the claims" allowed to proceed against Corradino. (Doc. 14 at 7.) Thus, there are no deliberate indifference claims against Corradino for which the Court can dismiss, and there is no basis to dismiss the claims that the Court has allowed to proceed against Corradino. Accordingly, Corradino's motion to dismiss should be denied.

Plaintiff's motion for judgment also should be denied. Plaintiff contends that Corradino's responsive pleading was untimely and failed to admit or deny all the allegations against Corradino. (Doc. 24.) Corradino filed a motion to dismiss before

filing an answer, which he is allowed to do. *See* Fed. R. Civ. P. 12(b). Corradino filed his motion within twenty-one days of the date he was served with process, which also is in compliance with the procedural rules. *See* Doc. 19 (Corradino served on June 13, 2013); Doc. 21 (motion to dismiss filed on July 3, 2013); Fed. R. Civ. P. 12(a)(1) (requiring that answer or motion to dismiss be filed within twenty-one days of service of process). Finally, Corradino was not required to admit or deny any allegations in his motion to dismiss because that document is not an answer. If this Report and Recommendation is adopted and Corradino's motion to dismiss is denied, the procedural rules require Corradino to file his answer within fourteen days of the denial. Fed. R. Civ. P. 12(a)(4)(A).

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's motion to dismiss [21] and Plaintiff's motion for judgment [24] be **DENIED**.

**SO RECOMMENDED**, this 5 day of August, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE