IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL ANTHONY BARR,

    Plaintiff,

v.

GWINNETT COUNTY et al.,

    Defendants.

1:12-cv-2006-WSD-LTW

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Linda T. Walker's Non-Final Report and Recommendation [25] ("R&R") on Defendant Corradino's Motion to Dismiss [21] and Plaintiff's Motion for Judgment [24].

**I.   BACKGROUND**

On June 8, 2012, Plaintiff Michael Anthony Barr ("Plaintiff"), an inmate at the Gwinnett County Jail appearing *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  On July 13, 2012, Plaintiff filed his First Amended Complaint [5], and on November 9, 2012, Plaintiff filed his Second Amended Complaint [11]. After reviewing Plaintiff's pleadings for frivolity, under 28 U.S.C. § 1915A, the Court allowed the following claims to proceed: (i) Plaintiff's claims for unlawful arrest against Gwinnett Police Officer Corradino # 1410 ("Corradino") and

Gwinnett Police Official (John Doe), in their individual capacities; and (ii) Plaintiff's claims against unnamed Gwinnett County Jail officials for medical indifference, based on the refusal to give Plaintiff his prescription medication and refusal to allow Plaintiff to see a doctor.

On July 3, 2013, Corradino filed his Motion to Dismiss seeking dismissal of medical indifference claims asserted against him.  On July 18, 2013, Plaintiff filed his Motion for Judgment seeking default judgment against Corradino on the ground that, in the Motion to Dismiss, Corradino failed to admit or deny the allegations contained in Plaintiff's Complaint.

On August 6, 2013, Magistrate Judge Walker issued her R&R.  With respect to the Motion to Dismiss, Judge Walker found that there are no medical indifference claims asserted against Corradino in this action and that the Motion to Dismiss those claims is required to be denied.  With respect to the Motion for Judgment, Judge Walker found that Corradino's Motion to Dismiss was properly filed in lieu of an answer and was not required to admit or deny Plaintiff's allegations.  Judge Walker recommends that the Motion for Judgment be denied.

On August 29, 2013, Plaintiff filed his objections [29] to the R&R in which he argues that Corradino was required to include his answer to Plaintiff's

Complaint with the Motion to Dismiss. Corradino did not file objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B. Analysis

#### 1. *Corradino's Motion to Dismiss*

Corradino does not object to the Magistrate Judge's finding that the Motion to Dismiss should be denied because Plaintiff does not assert medical indifference claims against Corradino. The Court does not find any error in this finding, and the Motion to Dismiss is denied.

### 2. *Plaintiff's Motion for Judgment*

Plaintiff argues that Corradino was required to file an answer, admitting or denying Plaintiff's allegations, with the Motion to Dismiss. Under Rule 12(a)(1) of the Federal Rules of Civil Procedure, a defendant is required to file an answer to a complaint within twenty-one (21) days of being served with process. Under Rule 12(a)(4), however, this answer deadline is extended if the defendant files a motion to dismiss under Rule 12(b). If a Rule 12(b) motion to dismiss is filed, the defendant must file his answer within fourteen (14) days of the court's ruling on the motion to dismiss.

In this case, Corradino filed his Motion to Dismiss, under Rule 12(b)(6), within twenty-one (21) days of being served with process. Accordingly, Corradino is not required to file an answer until fourteen (14) days after the Court rules on the Motion to Dismiss, which the Court has done in this order. Corradino is thus not in default, and Plaintiff's Motion for Judgment is required to be denied.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Non-Final Report and Recommendation [25] is **ADOPTED**. Defendant Corradino's Motion to Dismiss [21] and Plaintiff's Motion for Judgment [24] are **DENIED**.

**SO ORDERED** this 11th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE