IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL ANTHONY BARR,

        Plaintiff,

v.

GWINNETT POLICE OFFICER
CORRADINO,

        Defendant.

1:12-cv-2006-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R"), recommending that Plaintiff Michael Anthony Barr's ("Plaintiff") claims against unidentified jail officials be dismissed without prejudice for failure to prosecute, and Defendant Corradino's ("Defendant") Motion for Summary Judgment be granted [50].

## I.    BACKGROUND

On June 8, 2012, Plaintiff, an inmate at the Wheeler Correctional Facility in Alamo, Georgia, filed a Complaint against Defendant for unlawful arrest, unlawful search, and excessive force during a traffic stop, and against unidentified jail officials for deliberate indifference to his medical needs. Plaintiff alleges that, on

April 8, 2012, Defendant and Gwinnett Police Sergeant E. Spellman[1] falsely arrested him, conducted an unlawful search, and used excessive force during the arrest.  Plaintiff claims that, after being arrested, Defendant punched him in the face, slammed his head on the pavement, and beat him while he was on the ground.  In June 2012, Plaintiff was indicted on the following nine counts: driving under the influence, driving with a suspended or revoked license, possession of cocaine, trafficking in cocaine, possession of marijuana, two counts of obstructing law enforcement officers, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon.  On April 30, 2013, Plaintiff pled guilty to all nine counts in the Superior Court of Gwinnett County, Georgia.

On June 13, 2014, the Magistrate Judge recommended that Defendant's Motion for Summary Judgment be granted because Plaintiff's claims regarding the traffic stop are barred by Heck v. Humphrey, 512 U.S 477 (1994).  Plaintiff did not identify any correctional officers in connection with his deliberate indifference claim.  The Magistrate Judge recommended that Plaintiff's deliberate indifference claim be dismissed for failure to prosecute because Plaintiff has not identified any jail officials despite having months of discovery to learn their identities.  Plaintiff did not object to the Magistrate Judge's R&R.

---

[1] Plaintiff did not name Spellman as a defendant in this action.

## II.     DISCUSSION

###   A.     Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

###   B.     Analysis

In Heck v. Humphrey, the United States Supreme Court held that a district court must dismiss a § 1983 action if a judgment in favor of the plaintiff in the § 1983 action would necessarily imply the invalidity of his criminal conviction or sentence.  512 U.S. at 487.  To determine whether a claim is barred by Heck, the Court "must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted."  Hughes v. Lott, 350 F.3d

1157, 1160 n.2 (11th Cir. 2003).  The Court finds no plain error in the Magistrate Judge's finding that Plaintiff's false arrest and unlawful search claims are barred by Heck.  These claims necessarily imply the invalidity of plaintiff's convictions for driving under the influence, driving with a suspended or revoked license, possession of controlled substances, and the unlawful possession of a firearm by a convicted felon during the commission of a felony.  See Ballenger v. Owens, 352 F.3d 842, 844, 847 (4th Cir. 2003) (holding that Heck prohibited plaintiff from asserting claims that defendants "unconstitutionally stopped him, searched his automobile, and seized the automobile and property found in the automobile, including cocaine, marijuana, and a 9mm handgun" because the plaintiff was convicted of trafficking in drugs based on evidence found during a traffic stop).

The Court finds no plain error in the Magistrate Judge's conclusion that Heck bars Plaintiff's excessive force claim.  Heck bars an excessive force claim if a § 1983 plaintiff makes specific factual allegations that are inconsistent with the facts upon which his criminal conviction was based.  See Dyer v. Lee, 488 F.3d 876, 884 n.9 (11th Cir. 2007).  At his plea hearing in the state court, Plaintiff pled guilty to resisting arrest, and admitted that he grabbed and kicked Defendant.  Plaintiff testified, at his deposition in this case, that he did not resist arrest, and denied that he grabbed and kicked Defendant.  Plaintiff's allegations necessarily

imply the invalidity of his conviction for obstructing law enforcement officers because punching and beating a suspect who does not threaten the officer is objectively unreasonable and constitutes excessive force.  In such circumstances, a suspect has the right to self-defense and may not be prosecuted for obstructing law enforcement officers.  See Helman v. Duhaime, 742 F.3d 760, 763 (7th Cir. 2014).  Plaintiff's excessive force claim is thus barred because he "voluntarily steered the action into *Heck* territory by making specific factual allegations in the complaint that were inconsistent with the facts upon which his criminal conviction [] [was] based."  McCann v. Nielson, 466 F.3d 619, 621 (7th Cir. 2006).

The Court also finds no plain error in the Magistrate Judge's recommendation that Plaintiff's deliberate indifference claim against unidentified jail officials be dismissed without prejudice for want of prosecution because plaintiff failed to name any jail officials as defendants. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge Linda T. Walker's Final Report and Recommendation [50].  Defendant's Motion for Summary Judgment is **GRANTED** [42].  Plaintiff's deliberate indifference

5

claim against unidentified jail officials is **DISMISSED WITHOUT PREJUDICE**.  The Clerk is directed to **CLOSE** this case.

**SO ORDERED** this 3rd day of February, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE